UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GARRIETTA LATOYA VEREEN,

    Plaintiff,

v.                              Case No.3:10-cv-1174-J-12JBT

LOU SOBH AUTOMOTIVE OF
JAX, INC., etc.,

    Defendant.

_____

## O R D E R

This cause is before the Court on Defendant's Motion to Dismiss and/or Strike Plaintiff's Complaint and to Strike Affidavit Attached Thereto and Memorandum of Law in Support (Doc. 3)("motion to dismiss" and "motion to strike"), filed December 22, 2010. Plaintiff's response in opposition (Doc. 7) was filed on January 12, 2011. On February 25, 2011, the Court heard oral argument on the motions. On March 8, 2011, the Court received supplemental case authority from Plaintiff (see Doc. 17) to which Defendant filed no response. For the reasons set forth below, the Court will deny the motion to dismiss and grant the motion to strike.

Plaintiff's Complaint (Doc. 2) asserts various causes of action arising from her attempt to buy a used car from Defendant, and seeks damages, as well as declaratory and injunctive relief. The transaction in question involved what is known as a conditional sale or spot delivery whereby a buyer pays a deposit and takes immediate delivery of the vehicle subject to the seller's ability to obtain financing from a third party. In conjunction with her attempt to purchase a vehicle from Defendant, Plaintiff executed numerous

documents, including 1) a Retail Installment Sales Contract ("RISC") containing disclosures required by the Truth in Lending Act ("TILA") regarding the proposed terms of the financing for the vehicle naming defendant as the "Seller-Creditor" and containing a merger clause; and 2) a Bailment Agreement transferring possession of the vehicle to Plaintiff until financing is obtained which Plaintiff alleges simultaneously disclaims Defendant's status as a creditor so as to amount to an illegal waiver of Plaintiff's rights to receive the required financing disclosures and renders all the required disclosures illusory.

Plaintiff maintains that in her case, and as a general practice, at the time of the conditional sale or spot delivery, Defendant has no intention of offering or obtaining credit on the terms disclosed in the initial RISC. She claims that Defendant's practice is to "bait" customers with initial agreeable financing terms then to "switch" those terms to ones more favorable to it after the buyer is out of the car-buying market, has taken possession of the vehicle and has come to rely on it.

Plaintiff asserts that Defendant's spot delivery or conditional sales practices (in general and in her case specifically) violate state and federal law because the required financial disclosures are rendered incomplete, meaningless and illusory due to Defendant's lack of intent to provide financing at the stated terms of the RISC when it is signed by the buyer and/or the fact that the Bailment Agreement gives Defendant the unilateral ability to revoke those terms and require a buyer to accept less favorable financing terms or be required to return the vehicle. She also maintains that the Bailment Agreement utilized by Defendant allows it to disclaim it's status as a creditor, as it is so identified in the RISC, because the buyer accepts delivery of the vehicle subject to Defendant's ability to obtain financing from a third party, thereby relieving Defendant of the requirement of notifying the

buyer in writing of the reasons it revoked the RISC. Plaintiff claims that such practices violate the Truth in Lending Act (Count I), the Florida Motor Vehicle Retail Sales Finance Act (Counts II and III), the Equal Credit Opportunity Act (Count IV), and the Florida Uniform Commercial Code (Count V).

For purposes of deciding a motion to dismiss under Fed.R.Civ.P.12(b)(6), the Court accepts the allegations in Plaintiff's Complaint (Doc. 2) as true and views the facts in the light most favorable to Plaintiff. See, e.g., Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003); Quality Foods De Centro Amer. v. Latin Amer. Agribusiness Dev. Corp., 711 F.2d 989, 994-95 (11th Cir. 1983). "To survive dismissal, the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Engineering, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(internal quotation marks omitted).

In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court addressed the standard of pleading in order to state a claim for relief and avoid dismissal under Fed.R.Civ.P.12(b)(6). The Supreme Court noted that while a complaint need not contain detailed factual allegations, a plaintiff is required to provide more than labels and conclusions and a formulaic recitation of the elements of a cause of action and must make factual allegations that create more than a suspicion of a legally cognizable cause of action, on the assumption that all of the allegations in the complaint are true, even if doubtful in fact. 550 U.S at 555 (citations omitted). A complaint must allege enough facts, taken as true, to raise the reasonable expectation that discovery will reveal evidence

sufficient to establish the elements of the cause of action. See, Id. at 556. The factual allegations must move beyond the mere possibility of the existence of a cause of action to establish plausibility of entitlement to relief. See, Id. at 557-558. The Supreme Court expressly rejected the often used standard derived from Conley v. Gibson, 355 U.S. 41 (1957), that a plaintiff states a cause of action if the allegations raise the possibility that the plaintiff could establish some set of facts to support recovery. Id. at 561-563.

The Supreme Court recently has reiterated Twombly's requirement that to survive a motion to dismiss "a complaint must contain sufficient factual matter, accepted as true, to state a claim fo relief that is plausible on its face" and further elaborated on the "plausibility standard," in Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(citations omitted).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Id. (internal quotations and citations omitted). The Iqbal Court further explained that a court need not accept legal conclusions couched as factual recitations as true and that determining whether a complaint states a plausible claim for relief is a context-specific task requiring the reviewing court to draw on its judicial experience and common sense. Id. at 1950. A complaint has *alleged*, but not *shown* entitlement to relief, where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct. Id.

Defendant seeks dismissal of Plaintiff's Complaint (Doc. 2) in its entirety pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a cause of action or alternatively, final summary

judgment pursuant to Fed.R.Civ.P. 12(d). Defendant asserts that the nature of the relationship between the parties is contractual and that viewing the relevant documents, Plaintiff cannot state a cause of action, citing various cases, including Chastain v. N.S.S. Acquisition Corp., 2009 WL 1971621 (S.D. Fla. 2009); Treadway v. Gateway Chevrolet Oldsmobile, Inc., 362 F.3d 971, 980. n.8 (7th cir. 2004); Scroggins v. Ltd., Inc., 251 F.Supp.2d 1277 (E.D.Va. 2003). Defendant has submitted with it's motion to dismiss copies of several of the documents relevant to the transaction with Plaintiff (Agreement to Purchase, RISC, Credit Application and Bailment Agreement), as well as the Affidavit of Timothy Peeler stating that the conditional financing proposed never took place due to Plaintiff's failure to cooperate with Defendant, so she never incurred any finance charges.

The Court is of the opinion that Plaintiff's Complaint plausibly states the causes of action alleged and the factual bases therefore, and that considering a motion for summary judgment is premature at this juncture of the case. Plaintiff has sufficiently identified the portions of the documents upon which she bases her claims. She alleges that she executed approximately 15 documents after Defendant obtained her credit report based upon her credit application. Portions of some or all of those documents, in addition to the RISC and Bailment Agreement, may or may not be relevant to the determination of her case. The appropriate time to consider all of the relevant documents, how or whether they should be read together, and to compare their provisions to documents in other similar cases is not on a motion to dismiss before the opportunity for discovery in this case.

In addition to documents executed relevant to the subject transaction, its factual circumstances are relevant. Plaintiff maintains that Defendant had no intention of providing or obtaining financing for her under the terms initially disclosed, and contacted her several

5

days after she executed the original RISC ("bait") to "switch" the terms of the financing. She also alleges that Defendant was a creditor but purports to avoid complying with federal and state law by means of the Bailment Agreement conditioning the sale on obtaining financing from a third party. Although Defendant is correct that she does not allege that she paid any finance charges, Plaintiff maintains that Defendant repossessed the vehicle and refused to repay her deposit. The Court cannot make factual determinations regarding the transaction or the potential damages or remedies to which Plaintiff may be entitled on the basis of the documents submitted alone and is of the opinion that considering the submissions of the parties as a motion for final summary judgment simply is premature.

The Court agrees, however, with Defendant that the Affidavit of Mark Catasus which Plaintiff attaches to her Complaint should be stricken. His tendered expert opinions regarding Defendant's sales practices based upon a review of documents related to the transaction with Plaintiff are evidentiary in nature and are more appropriately submitted in the context of a motion for summary judgment or at trial.

For the foregoing reasons, it is

**ORDERED AND ADJUDGED:**

1. That Defendant's motion to dismiss (Doc. 3) is denied;

2. That Plaintiff's motion to strike (Doc. 3) is granted and the Affidavit of Mark Catasus attached to the Complaint (Doc. 2) is stricken; and

3. That within fourteen (14) days from the entry of this Order, if Plaintiff desires to amend her Complaint in order to incorporate her Notice of Constitutional Question (Doc. 9), as she indicated at the hearing and in Doc. 17, she shall file an appropriate motion

requesting such relief, otherwise she should take the necessary steps to comply with Fed.R.Civ.P. 5.1.

**DONE AND ORDERED** this ___13th___ day of April 2011.

_Howell W. Melton_
Senior United States District Judge

Copies to:   Counsel of Record